# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA

**RANDALL REDDEN,**

    **Plaintiff,**

    v.                                                                 Civil Action No. 2:17-cv-01840

**COUNTY COMMISSION OF
FAYETTE COUNTY, WEST VIRGINIA**

    **Defendant.**

## COMPLAINT

**NOW COMES** Plaintiff Randall Redden, by counsel, and files this Complaint against the County Commission of Fayette County, West Virginia making claims for unpaid wages and overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., stating as follows:

## PARTIES

1. Plaintiff is a resident of Fayette County, West Virginia.

2. Defendant County Commission of Fayette County, West Virginia ("Fayette County Commission") is a commission created under Article IX of the West Virginia Constitution and the West Virginia Code, Section 7-1-1. Defendant Fayette County Commission is responsible for the supervision and administration of the affairs of Fayette County pursuant to Article IX of the West Virginia Constitution and the West Virginia Code, Sections 7-1-1 et seq.

## JURISDICTION AND VENUE

3. Plaintiff asserts claims herein pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA").

4. This Court has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 28 U.S.C. §1331 because these claims arise under the laws of the United States.

5. At all relevant times, Plaintiff was an employee of Defendant performing work in Fayetteville, Fayette County, West Virginia.

6. Venue is appropriate in the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and all, or a substantial part, of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

7. Plaintiff worked for Defendant for approximately 12 years as a mechanic and performing various other tasks.

8. Until on or about July 15, 2016, Plaintiff primarily worked as a mechanic in the Fayette County garage located in the Fayette County Park.

9. On or about July 15, 2016, Plaintiff was offered, and he accepted, the position of Park Monitor at the Fayette County Park.

10. When he accepted the Park Monitor position, Plaintiff was told that he would no longer work as a mechanic in the Fayette County garage. Soon after accepting the Park Monitor position, however, Plaintiff was told he must continue to work as a mechanic and perform his Park Monitor duties.

11. Plaintiff was also instructed that in order to perform his Park Monitor duties, he must live in the house in the Park owned by Fayette County located at 1268 Fayette County Park Road. Plaintiff's permanent residence was approximately seven miles from the Fayette County Park.

12. In accordance with the terms of Plaintiff's employment as a mechanic and as the Park Monitor, each weekday Plaintiff worked his shift at the Fayette County garage from 8:00 a.m. until 4:00 p.m. Soon after the conclusion of his shift as a mechanic, each day Plaintiff began performing his duties as the Park Monitor by conducting an inspection of the Park.

13. According to his understanding of the Park Monitor duties, and the requirement to remain in the house, each night Plaintiff remained at the house in the Park for the entire night, and performed at least one additional tour of the Park during the night. Plaintiff also remained at the house in the Park over every weekend, and performed tours of the Park, again in accordance with his understanding of his duties as the Park Monitor.

14. During the relevant time period, Plaintiff's hourly wage was $15.01, and his overtime wage was $22.51 per hour.

15. Upon assuming the duties of Park Monitor on or about July 15, 2016, Plaintiff worked 24 hours per day, 7 days per week. Plaintiff was not compensated, however, for any work hours outside his daily shift as a mechanic at the Fayette County garage. Specifically, Plaintiff was paid no wages for performing the duties of Park Monitor.

16. Plaintiff resigned from employment with Defendant on February 17, 2017.

17. Defendant failed to pay Plaintiff all of the overtime wages to which he was entitled.

## CLAIM FOR UNPAID OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT

18. Plaintiff incorporates by reference Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. Defendant is a "public agency" and an "employer" as defined in the FLSA, and is covered by the minimum wage and overtime wage provisions of the FLSA.

20. Plaintiff was an "employee" as defined in the FLSA and was entitled to overtime wages for each hour of overtime he worked for Defendant.

21. Pursuant to the FLSA, 29 U.S.C. § 207, Defendant was required to pay Plaintiff overtime wages at a rate of one and one-half times Plaintiff's regular rate of pay for hours Plaintiff worked in excess of 40 hours per workweek.

22. In violation of the FLSA, 29 U.S.C. § 207, Defendant failed to pay Plaintiff overtime wages at a rate of one and one-half times Plaintiff's regular rate of pay for hours Plaintiff worked in excess of 40 hours per workweek.

23. The failure by Defendant to pay Plaintiff overtime wages in violation of the FLSA was not in good faith, and was a knowing and willful violation of the FLSA.

24. Due to its violation of the FLSA, Defendant owes Plaintiff unpaid overtime wages and liquidated damages for unpaid overtime wages pursuant to the FLSA.

25. Plaintiff is also entitled to recover his attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) That he may have a trial by jury;

(b) That he be awarded all damages provided by law and all remedies provided by equity;

(c) That he be awarded liquidated damages;

(d) That he be awarded attorney's fees and costs;

(e) That he be awarded such other relief as this Court may deem just and equitable.

**RANDALL REDDEN**

**By Counsel**

_____*s/Mark Goldner*_____
Mark Goldner, Esq. (WV Bar No. 11286)
Maria W. Hughes, Esq. (WV Bar No. 7298)
HUGHES & GOLDNER, PLLC
One Bridge Place
10 Hale Street, 5th Floor
Charleston, West Virginia 25301
TEL: (304) 400-4816
FAX: (304) 205-7729

*Counsel for Plaintiff*